# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br>    Plaintiff,<br><br>            v.<br><br>UNITEDHEALTHCARE MILITARY & VETERANS SERVICES, LLC,<br>    Defendant. | CV 19-6190 DSF (MAAx)<br><br>Order to Show Cause re Remand for Lack of Subject Matter Jurisdiction |

    This case was removed on the basis of diversity. The only basis for this Court's subject matter jurisdiction stated in the notice of removal or the parties' Joint Rule 26(f) Report is diversity.

    The Court does not appear to have diversity jurisdiction over this matter. A state is not a "citizen of a State" and cannot sue or be sued in diversity. Moor v. County of Alameda, 411 U.S. 693, 717 (1973). The Regents of the University of California have been found to be an "arm" of the State of California, and, therefore, not a "citizen of a State" for diversity purposes. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997) (Eleventh Amendment analysis); see also Befitel v. Glob. Horizons, Inc., 461 F. Supp. 2d 1218, 1221 (D. Haw. 2006) (collecting circuit court authority stating that Eleventh Amendment immunity test same as diversity jurisdiction test).[1]

---

[1] The Ninth Circuit has not explicitly decided whether the Eleventh Amendment and diversity jurisdiction test are the same. It has, in dicta and

Therefore, Defendant is ordered to show cause, in writing, no later than November 4, 2019, why this case should not be remanded to state court.

IT IS SO ORDERED.

Date: 10/19/2019

_____
Dale S. Fischer
United States District Judge

---

without elaboration, stated that "a similar rule [as Eleventh Amendment immunity] controls the determination of diversity jurisdiction." Ronwin v. Shapiro, 657 F.2d 1071, 1073 (9th Cir. 1981).